**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSE DUARTE,

          Plaintiff,

  v.

FREELAND *et al.*,

          Defendants.

_____/

No. C05-02780 MJJ

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT**

## INTRODUCTION

Pending before the Court is a Motion To Dismiss Plaintiff's Third Amended Complaint (Docket No. 46.) brought by Defendants Oakland Unified School District ("OUSD"), Randolph Ward, David Kakishiba, Gregory Hodge, Gary Yee, Noel Gallo, Alice Spearman, Kerry Hamill, and Linda Halpern (collectively "Moving Defendants"). For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** the Moving Defendant's Motion to Dismiss in the manner set forth below.[1]

---

[1] Also before the court are three related motions to strike: (1) Moving Defendants' Motion To Strike Certain Exhibits Attached To Plaintiff's Third Amended Complaint (Docket No. 48); (2) Plaintiff's Motion To Strike Defendants' FRCP 12B6 Motion (Docket No. 52); and 39) Plaintiff's Motion To Strike Defendant's Reply (Docket No. 56.) The Court **DENIES** Defendant's motion to strike because it raises evidentiary issues regarding the exhibits attached to the Third Amended Complaint that are not suitable for resolution under Federal Rule of Civil Procedure 12(f). The Court also **DENIES** both of Plaintiff's motions to strike as Plaintiff has failed to establish that such relief is justified.

Plaintiff has also filed an Ex Parte Application For Judgment By Default (Docket No. 57), premised upon his contention that the Moving Defendants filed their instant motion to dismiss one day after the appropriate deadline to do so. Without resolving the question of whether the Moving Defendants' motion was one day late, the Court **DENIES** Plaintiff's request for such drastic relief as unwarranted.

**United States District Court**
For the Northern District of California

**FACTUAL BACKGROUND**

For purposes of this order, the Moving Defendants are sometimes referred to as follows:

- The Oakland Unified School District ("OUSD") is the "District Defendant."

- Linda Halpern is the "Principal Defendant."

- Randolph Ward is the "Superintendent Defendant."

- David Kakishiba, Gregory Hodge, Gary Yee, Noel Gallo, Alice Spearman, and Kerry Hamill are the "Board Defendants."

The claims against Defendants Dimario Freeland and Yuvo Mbulias, who are sometimes referred to as "Student Defendants" for purposes of this order, are not at issue in the instant Motions.

The material facts, taken from Plaintiff's Third Amended Complaint ("TAC"), are as follows.

On December 4, 2003, Plaintiff was working for the Oakland Unified School District ("OUSD") as a Spanish teacher at the School for Social Justice. (TAC ¶ 37.) On this date, Plaintiff claims that Defendants De Mario Freeland and Vuyo Mbuli, two students at the school, attacked him when he tried to exclude them from his class. (*Id.* ¶¶ 37-38.) Specifically, Plaintiff alleges that they "rammed [him], knocking him backward against the wall causing injury to his left shoulder and arm." (*Id.* ¶ 40.) After Plaintiff finished teaching class that morning, he reported the attack to the school principal, Defendant Linda Halpern, and informed her that he was going to press criminal charges against the students. (*Id.* ¶ 42.) Plaintiff alleges that Principal Halpern responded that she was not going to report the attack to the police. (*Id.* ¶ 42.)

Later that day, Plaintiff went to the school's main office to make a written report of the incident. (*Id.* ¶ 43.) At this time, Plaintiff saw another teacher, who Plaintiff identifies as "George", talking to Defendant Mbuli. (*Id.*) Plaintiff alleges that Defendant Mbuli saw Plaintiff, became angry, and "taunted [Plaintiff] to a fight so [Plaintiff] started to leave." (*Id.*) However, before Plaintiff was able to leave the office, Defendant Mbuli charged at him, grabbed Plaintiff by the shoulder, and yelled, "Spanish bitch . . . I'm gonna get you . . . you better watch your back!" (*Id.*)

Plaintiff alleges that, at the time of the attack, the school did not have any security guards on campus, and its classrooms did not have any peepholes in the doors, telephones, or any other communication devices in the classrooms. (*Id.* ¶ 44.) Additionally, Plaintiff alleges that the various

2

United States District Court

For the Northern District of California

1  Defendants failed to warn him about the Student Defendants' behavioral disorders, failed to provide

2  certain security measures to prevent dangerous conditions on the school campus, and failed to remove

3  the Student Defendants from campus after the attack.  (*Id*. ¶ 55.)  Plaintiff further alleges that, on the

4  morning of the attack, Defendants were aware that Defendant Mbuli was intoxicated before he went to

5  Plaintiff's class, but failed to warn Plaintiff about Defendant Mbuli's condition and failed to remove him

6  from campus.  (*Id*. ¶ 48.)

7  Plaintiff alleges that on December 5, 2003, his psychologist, Dr. Suzanne Sloman, informed

8  OUSD that Plaintiff was temporarily disabled and could not teach.  (*Id*. ¶ 58.)  At that time, Plaintiff

9  requested leave based on his disability.  (*Id*. ¶ 59.)  Also in December 2003, Plaintiff alleges that he

10  wrote to Defendant Halpern about his injuries.  (*Id*. ¶ 64.)  However, he claims that OUSD did not

11  contact him to propose an accommodation for his disability.  (*Id*. ¶ 65.)

12  At about the same time, Plaintiff alleges that the Oakland Educators Association advised him

13  to seek restraining orders against the Student Defendants.  (*Id*. ¶ 67.)  Soon thereafter, Plaintiff sought

14  a restraining order in Alameda Superior Court.  (*Id*. ¶ 68.)  Plaintiff alleges that at the January 9, 2004

15  order to show cause hearing, OUSD administrators "represented, supported, and ratified the Student

16  Defendants' conduct at the hearing."  (*Id*. ¶ 69.)  Plaintiff also alleges that Defendants Halpern and

17  Akuno Williams, a school administrator, argued against issuance of the restraining order and "spoke in

18  favor of the attackers during work hours."  (*Id*. ¶¶ 70-71.)  Plaintiff claims that Defendants advocated

19  on behalf of the student Defendants with the consent of Defendants' supervisors, Defendant Randolph

20  Ward and the School Board, and did not face any disciplinary action for their statements.  (*Id*. ¶ 71.)

21  The court issued the restraining order against both Student Defendants.  (*Id*. ¶ 70.)  Subsequently,

22  Plaintiff alleges that Akuno Williams, an administrator at the School for Social Justice, made defamatory

23  remarks about him in the East Bay Express Newspaper in retaliation for Plaintiff's protected activity.

24  (*Id*. ¶ 74.)          Plaintiff claims that in January 2004, Dr. Sloman informed OUSD that he was

25  permanently disabled from teaching.  (*Id*. ¶ 75.)  Thereafter, Plaintiff filed a complaint with OUSD

26  regarding the attack and his resulting injuries. (*Id*. ¶ 81.)  He also filed a complaint with his labor union,

27  the OEA, for disability discrimination and retaliation, so that OEA would forward it to OUSD.  (*Id*. ¶

28  82.)  According to Plaintiff, the following month, February 2004, "the Board and Randolph Ward met,

1   voted to, and did in fact terminate Plaintiff as a result of his injury claims, disability claims, complaints

2   of workplace safety, testifying in court to secure protection against crime, exposing the workplace

3   dangers in OUSD in open court, and complaining of disability discrimination." (*Id*. ¶ 104.)

4       On April 1 and 8, 2004, Plaintiff filed a complaint with OUSD regarding the dangerous working

5   conditions and his disabling injuries. (*Id*. ¶¶ 83-84.) In June 2004, Plaintiff filed a complaint pursuant

6   to California Government Code § 910 for discrimination and retaliation based on disability. (*Id*. ¶ 85.)

7   Plaintiff claims that in July 2004, OUSD wrongfully denied him dental benefits in retaliation for his

8   disability claims and complaints of discrimination. (*Id*. ¶ 86.) On July 15, 2004, Plaintiff received a

9   continuing benefits/COBRA letter from OUSD, which Plaintiff claims is the only notice he received

10  indicating that his employment had been terminated on June 30, 2004. (*Id*. ¶ 87.) Plaintiff alleges that

11  he was terminated in retaliation for exercising his right to seek redress from the government, right to

12  speak out about government injustice, filing claims for his injuries, speaking out about his unsafe

13  classroom, and protecting his students from the Student Defendants. (*Id*. at ¶ 89.)

14      Plaintiff alleges that as a result of the attack, he suffered severe emotional distress, permanent

15  injury to his left shoulder, and is now permanently disabled because of the trauma.

16      Based on Defendants' alleged conduct and his resulting injuries, Plaintiff asserts twenty-nine

17  separate numbered counts in his Third Amended Complaint.[2]

18                                    **LEGAL STANDARD**

19      A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim. *Navarro*

20  *v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because the focus of a 12(b)(6) motion is on the legal

21  sufficiency, rather than the substantive merits of a claim, the Court ordinarily limits its review to the face

22  of the complaint. *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

23  Generally, dismissal is proper only when the plaintiff has failed to assert a cognizable legal theory or

24  failed to allege sufficient facts under a cognizable legal theory. *See SmileCare Dental Group v. Delta*

25  *Dental Plan of Cal., Inc.*, 88 F.3d 780, 782 (9th Cir. 1996); *Balisteri v. Pacifica Police Dep't*, 901 F.2d

26

27      [2] Plaintiff's twenty-nine counts are numbered with roman numerals from I (one) to VII (seven),
    and from XII (twelve) through XXXIII (thirty-three). There are no counts numbered from VIII (eight)

28  through XI (eleven). Count XIV is asserted solely against the Student Defendants and is not at issue
    here.

                                            4

United States District Court

For the Northern District of California

696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Further, dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of a claim. *See Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990). In considering a 12(b)(6) motion, the Court accepts the plaintiff's material allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

## ANALYSIS

Of Plaintiff's claims, only five are premised on federal law. Specifically, Plaintiff asserts claims for (1) conspiracy to violate civil rights under 42 U.S.C. § 1985(2) and (3); (2) failure to prevent interference with civil rights pursuant to 42 U.S.C. § 1986; (3) violation of the First Amendment pursuant to 42 U.S.C. § 1983; (4) violation of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983; and (5) violation of the Americans with Disabilities Act. Because this Court's jurisdiction over this matter hinges on the presence of a federal claim, the Court turns to these claims first.

**A.     Plaintiff's Federal Claims.**

**1.         Plaintiff's Claims Under § 1985 and § 1986**

In Count XXIX, Plaintiff asserts a claim against the Principal, Board, and Superintendent Defendants for violation of 42 U.S.C. § 1985 subsections (2) and (3). Moving Defendants move to dismiss this claim on the ground that Plaintiff failed to plead the elements of his conspiracy claim with the requisite specificity.

As an initial matter, the Court observes that Plaintiff has failed to state a conspiracy claim under 42 U.S.C. § 1985(2) as Plaintiff has not alleged that any of the Moving Defendants conspired to deny him access to the courts.

Plaintiff has also failed to plead the requisite elements of a § 1985(3) claim with the required specificity. In order to establish a claim under § 1985(3) a plaintiff must establish: (1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy; and (3) a resulting injury. *Scott v. Ross*, 140 F.3d 1275, 1284 (9th Cir. 1998). Under section 1985, "[a] mere allegation of conspiracy without factual specificity is insufficient." *Karim-Panahi v. Los Angeles Policy Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). Additionally, the plaintiff must plead

"some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).

Reviewing Plaintiff's Third Amended Complaint, the Court finds that Plaintiff alleges that OUSD, the Superintendent, and the School Board conspired to violate his civil rights by directing the termination, denying dental benefits, refusing to reassign and refusing to rehire Plaintiff.  (TAC ¶ 104).  In support, Plaintiff alleges that only the School Board has the power to fire a credentialed teacher, and may only do so for cause, " after notice, after a hearing, after the right to present a defense, and after the right to appeal." (TAC ¶ 98).  He alleges that under SB 39, these powers and duties were vested with the Superintendent.  (TAC ¶ 91).  He further alleges that Defendant Halpern represented the students on behalf of OUSD at the Restraining Order hearing on January 9, 2004, "at the direction of the District, School Board, and/or the Superintendent."  (TAC ¶ 71).  Additionally, Plaintiff alleges that in reaction to Plaintiff's complaints with OUSD and the police OUSD employees Dorothy Epps and Alan Levison held Plaintiff in a room, refusing to let him leave and yelled at him telling him that he did not have the right to exclude students from his classroom.  (TAC ¶ 55).

While these allegations identify various actions taken by Defendants, Plaintiff fails to adequately allege facts that Defendants agreed among themselves to deprive him of the equal protection of the laws.  Plaintiff's mere allegations of conspiracy without factual specificity are insufficient.  *Karim-Panahi*, 839 F.2d at 626.  Accordingly, the Court agrees with Moving Defendants that Plaintiff's § 1985 is insufficiently pled.

In Count XXX, Plaintiff also asserts a claim for "Failure to Prevent Interference with Civil Rights" under 42 U.S.C. § 1986 against all Defendants except the Students.  This section imposes liability on every person who knows of an impending violation of § 1985, and has the power to prevent or aid in preventing the violation, but neglects or refuses to do so.  "A claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985."  *Karim-Panahi*, 839 F.2d at 626.  Because Plaintiff has not adequately alleged a § 1985 claim, Plaintiff has no basis to maintain a claim under § 1986.

Accordingly, the Court **DISMISSES** Counts XXIX and XXX as to the Moving Defendants.

///

**United States District Court**
For the Northern District of California

1

      **2.       Plaintiff's Section 1983 Claim for Violation of the First Amendment**.

2

      In Count XXXI, Plaintiff alleges that "the right to free speech, the right to petition, and the right

3

to seek redress under the 1st amendment of US Constitution as applied to the States under the 14th

4

Amendment of the US Constitution." (TAC at ¶ 398). Plaintiff alleges that the Moving Defendants[3]

5

denied him benefits and terminated him because of his exercise of his first amendment rights in

6

complaining of the violence, injuries, workplace safety and fear as a result of the December 4, 2003

7

incident. Moving Defendants argue that Plaintiff was not hindered or prevented from speaking,

8

petitioning or seeking redress as is evident from his own allegations of making and filing complaints.

9

      The Court disagrees with the Moving Defendants. Plaintiff has adequately alleged under Rule

10

8(a) that his denial of benefits and termination resulted from his exercise of speech; specifically, his

11

alleged complaints about workplace safety, his efforts to seek redress from the court system to obtain

12

restraining orders against the Student Defendants, and his filing of complaints with administrative

13

bodies. (TAC ¶ 397.) Plaintiff has adequately alleged a First Amendment retaliation claim. The Court

14

therefore **DENIES** the motion to dismiss with respect to Count XXXI.

15

      **3.       Plaintiff's Section 1983 Claim for Violation of the Fourteenth Amendment**.

16

      In Count XXXII, a Section 1983 claim, Plaintiff alleges that the Moving Defendants denied his

17

right to life, liberty and property interests as well as a denial of equal protection in violation of the

18

Fourteenth Amendment. (TAC ¶ 407). Though the Moving Defendants originally sought to dismiss

19

Count XXXII, they later indicated in their reply brief that they "withdraw their motion as to Plaintiff's

20

XXXII cause of action alleging a violation of his rights under 42 U.S.C. § 1983" and will "reserv[e]

21

their right to challenge the viability of same at a later time." (Reply Brief at 1 n.1.) " Accordingly, the

22

Court takes no action with respect with Count XXXII at this time.

23

      **4.       Plaintiff's Americans with Disabilities Act Claim.**

24

      Moving Defendants seek to dismiss Count XXXIII[4], Plaintiff's claim for violations of the

25

Americans with Disabilities Act ("ADA"), on the grounds that Plaintiff may not bring suit against

26

27

     [3] Claim asserted against the Board, the District, Superintendent and Principal Defendants.

28

     [4] Claim asserted against the Board, the District, Superintendent and Principal Defendants. Plaintiff's TAC mistakenly numbered this ADA claim as Count "XXIII" due to a typographical error.

7

1  individuals, that he did not timely exhaust administrative remedies, and that Plaintiff would not have

2  been able to perform the essential functions of a teacher.   As to the individually named Defendants,

3  Plaintiff cannot assert a cognizable ADA claim against the individual Defendants as the ADA precludes

4  suits against individuals. *EEOC v. AIC  Sec. Investigations, Ltd.*, 55 F.3d 1276, 1281 (7th Cir. 1995);

5  *Cai v. Chiron Corp.*, 2004 WL 1837985 at *4 (N.D.Cal. 2004) ("individual[s] cannot be liable under

6  the ADA").

7       As to Plaintiff's ADA claim against the Defendant Oakland Unified School District, Plaintiff

8  filed his initial Complaint asserting the ADA claim on July 6, 2005, but did not file his complaint with

9  the California Department of Fair Employment and Housing or the Equal Employment Opportunity

10 Commission ("EEOC") until two weeks later on July 19, 2006.  Plaintiff did not receive his right to sue

11 letter from the EEOC until January 5, 2006, which is after Plaintiff filed both the initial and First

12 Amended Complaint in this matter.  Because Plaintiff did not file a claim with DEFH and/or EEOC

13 within 300 days of the alleged discrimination, Moving Defendants assert that Plaintiff's ADA claim is

14 therefore untimely.  In response, Plaintiff argues that the statutory period for filing a claim should be

15 tolled because of his illness and disability, under equitable estoppel, equitable tolling and/or continuing

16 violation doctrines.

17      The facts pleaded by Plaintiff are not sufficient to bring his delay within the scope of the

18 equitable tolling doctrine.  Equitable tolling may be applied if, despite all due diligence, a plaintiff is

19 unable to obtain vital information bearing on the existence of his claim. *See Santa Maria v. Pacific Bell*,

20 202 F.3d 1170, 1178 (9th Cir. 2000).  Here, Plaintiff does not allege facts establishing that he was

21 uanble to obtain vital information regarding the existence of his claim.  To the contrary, the facts alleged

22 by Plaintiff make clear that he knew of his purported disability even before he was terminated from his

23 position.  "Equitable tolling may not be invoked by an ADA plaintiff who, within the limitations period,

24 has sufficient information to know of the possible existence of a claim. To excuse the failure to timely

25 file under these circumstances would, in Judge Posner's words, 'trivialize the statute of limitations by

26 promiscuous application of tolling doctrines.'" *Id.*  Plaintiff's citations to *Daviton v. Columbia/HCA

27 Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001) (applying California law) and *Collier v. City of

28 Pasadena*, 142 Cal.App.3d 917 (1983), decisions which applied California's equitable tolling principles

in other contexts, are unavailing here, as state law rules are not applicable to calculation of deadlines under the ADA..

Though mental disability may be a basis for equitable tolling in an "extraordinary circumstance", see *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999), Plaintiff here has not alleged facts sufficient to establish a mental disability of sufficient severity to permit tolling on this basis. In Stoll, the evidence indicated that the plaintiff had been "completely psychiatrically disabled during the relevant time period." *Id.* Here, Plaintiff alleges that, as a result of the assault by the Student Defendants, he had post-traumatic stress disorder and suffered symptoms of depression, decreased energy, anxiety, and difficulty concentrating. (TAC ¶ 34 & Exh. 28.)  Plaintiff does not allege, however, that he so psychiatrically disabled as to be unable to protect his legal rights, as was the case in *Stoll*. Nor could he, as the documents attached by Plaintiff to the TAC from the relevant time period evidence that he was, in fact, able to pursue cogently express himself in writing to seek redress of his grievances. (TAC Exhs. 2, 6, 19.)  Accordingly, Plaintiff's allegations fail to establish that he was unable to "engage in rational thought and deliberate decision making sufficient to pursue [his] claim alone or through counsel." *Melendez-Arroyo v. Cutler-Hammer de Puerto Rico Co., Inc.*, 273 F.3d 30, 37-38 (1st Cir. 2001) (analyzing tolling for 300-day period for filing claim with EEOC).

Plaintiff has also not alleged facts permitting him to rely on an equitable estoppel theory (sometimes called fraudulent concealment). Equitable estoppel focuses primarily on the actions taken by the defendant in preventing a plaintiff from filing suit. *See Santa Maria*, 202 F.3d at 1176. Equitable estoppel "requires active concealment by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time." *Id.* at 1777. Plaintiff has not alleged facts that would established that any of the Defendants actively prevented him from timely filing a claim with the EEOC.

Finally, the continuing violation doctrine does not rescue Plaintiff's ADA claim from being time-barred. Plaintiff's allegations regarding denial of benefits in June 2004, July 2005 and November 2005 do not serve as an explanation for why Plaintiff failed to file a DFEH/EEOC claim within the requisite time period regarding his termination. Plaintiff's claims for disability benefits are not merely the effect of an earlier irrevocable decision and do not establish a continuing course conduct sufficient to trigger

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1  this doctrine.  *See National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) ("Discrete acts

2  such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each

3  incident of discrimination and each retaliatory adverse employment decision constitutes a separate

4  actionable 'unlawful employment practice.'").

5       Accordingly, Plaintiff's ADA claim is time-barred as to OUSD.  The Court **DISMISSES** Count

6  XXXIII as to the Moving Defendants.

7  **B.     Plaintiff's State Law Claims.**

8       The Court previously held in abeyance Defendants' challenges to Plaintiff's state law claims

9  until the viability of a claim providing federal question jurisdiction could be established.  As

10  currently pled, Plaintiff has alleged a proper basis for federal jurisdiction.  The federal court may

11  adjudicate, under "supplemental jurisdiction," related state law claims if they arise out of the same

12  operative facts.   The Court therefore now turns to the grounds for dismissing Plaintiff's state law

13  claims asserted by Moving Defendants.

14  **1.     Workers' Compensation Exclusive Remedy Provision**

15       Moving Defendants seek to dismiss Plaintiff's state law claims on the grounds that the

16  exclusive remedy provisions of California's Workers' Compensation laws preclude all state law

17  claims.

18       California courts have consistently acknowledged "[w]here the complaint affirmatively

19  alleges facts indicating coverage by the workers' compensation laws, if it fails to state additional

20  facts negating application of the exclusive remedy provision, no civil action will lie and the

21  complaint is subject to a general demurrer."  *Halliman v. Los Angeles Unified School District*, 163

22  Cal.App.3d 46, 50 (1984).  (citing *Roberts v. Pup 'N' Taco Driveup*, 160 Cal.App.3d 278, 284

23  (1984)).  Plaintiff opposes the motion by arguing that the burden is on the Defendants to establish

24  that workers' compensation law applies, and by arguing that his complaint negates the application of

25  workers' compensation law.

26       However, the allegations in Plaintiff's TAC do not back up Plaintiff's arguments.  Plaintiff's

27  TAC expressly alleges that the Student Defendants' attack on Plaintiff occurred while he was acting

28  within the scope of his employment as a teacher with OUSD, and fails to allege facts that would

United States District Court

For the Northern District of California

negate application of the exclusive remedy provision.   Plaintiff's TAC concedes that he was an employee of OUSD under a contract where he was hired to teach high school Spanish at the School of Social Justice.  (TAC ¶ 14).  Plaintiff's TAC also confirms that on December 4, 2003 he was teaching Spanish at the School of Social Justice at OUSD.  (TAC ¶ 37).  At approximately 12:15pm of that day, the Student Defendants allegedly rammed Plaintiff backward against the wall of the classroom he was teaching, injuring his left shoulder and arm.  (TAC ¶ 40).  After Plaintiff allegedly informed Principal Halpern after class ended shortly after 12:30pm of the attack, Halpern allegedly said she would not report the students to the police.  (TAC ¶ 42).  Later that day Plaintiff visited the School's main office to make a written report of the incident.  (TAC ¶ 43).  Student Defendant Mbuli was in the office, and apparently approached Plaintiff from behind before Plaintiff could leave putting his hand over Plaintiff's hand on the doorknob and slamming the door shut, and with his other hand grabbed Plaintiff by the shoulder.  (TAC ¶ 43).   The TAC also alleges that another teacher named "George" attempted to restrain Student Defendant Mbuli from Plaintiff in the office, and that "George" did pull the student off of Plaintiff.  (TAC ¶ 43).

Plaintiff's own factual allegations fail to state facts negating application of the workers compensation exclusive remedy.  *See Halliman*, 163 Cal.App.3d at 50.  The Court in *Halliman* explained the exclusive application of Labor Code Section 3601 to situations closely analogous to that of Plaintiff here.  In *Halliman*, the court affirmed the dismissal of a teacher's complaint, holding that the plaintiff teacher in that case,  seeking to recover for injuries suffered from a student's unprovoked assault, was bound by the exclusivity of workers compensation under Labor Code Section 3601.

In *Halliman*, the plaintiff teacher was injured when a student intentionally threw a rock that hit the teacher on the head.  Similar to this case, the attack in *Halliman* occurred while the plaintiff teacher was on school grounds during school hours.  *See id. at* 48.  And like Plaintiff herein, the plaintiff teacher in *Halliman* was attempting to hold the school district liable for his injuries because the student's violent conduct occurred while the student was under the supervision and control of the school district.  *See id.*  The *Halliman* court noted that the student's school records indicated that he had been previously suspended and otherwise disciplined for prior assaults.  However, this was

11

**United States District Court**
For the Northern District of California

insufficient to escape the exclusivity of Labor Code Section 3601.  The *Halliman* court concluded that the school district was not responsible for the acts of its individual students, because the unique nature of the teacher-student interaction placed it outside of the co-employee/agent relationship. *Halliman* approved the premise that "where a teacher was injured in a classroom attack by a student, the available workers' compensation remedy barred a civil lawsuit for damages against the employer by virtue of Labor Code section 3601."  *Id.* at 51.

Under *Halliman*, even Plaintiff's allegations that the Moving Defendants intentionally created an unsafe working environment cannot take his case outside of Labor Code Section 3601. Halliman found that, at least where "the alleged intentional misconduct of the employer does not go beyond failure to assure a safe working environment", California Supreme Court precedent required that "the workers' compensation laws provide[] the sole remedy for additional compensation against an employer whose employee is injured in the first instance as the result of a deliberate failure to assure the physical environment of the work place is safe."  *Id.* at 51 (citing *Johns-Manville Products Corp. v. Superior Court*, 27 Cal.3d 465, 473-474 (1980)).

Accordingly, the exclusive remedy under California Labor Code Section 3601 bars the state law claims brought by Plaintiff that are substantively founded on the District, Board, Principal or Superintendent Defendants' alleged failure to bar, suspend or expel the students from campus, their alleged failure to install peepholes or communication devices, or their failure to otherwise prevent the Student Defendants' assault.  The Court therefore **DISMISSES**, as to the Moving Defendants, the following causes of action: Count I (assault and battery), Count II (intentional infliction of emotional distress)[5]; Count III (negligent infliction of emotional distress), Count IV (negligence), Count V (failure to discharge mandatory duty), Count VII (premises liability), Count XXIII (right to be free from harm, Cal Civ. Code § 43), Count XXIV (intentional fraud), Count XXV (negligent misrepresentation), and Count XXVI (concealment).

Plaintiff's other state law claims merit further discussion.

///

///

---

[5] *See Livitsanos v. Superior Court*, 2 Cal.4th 744, 747 (1992).

**United States District Court**
For the Northern District of California

### 2.    Wrongful Discharge in Violation of Public Policy

In Count VI, Plaintiff alleges wrongful discharge in violation of public policy.[6]   Plaintiff alleges two factual bases for this claim: retaliation for complaining about school conditions, and discrimination or retaliation for having testified at the restraining order hearing against the Student Defendants.

Moving Defendants contend that this claim cannot survive against OUSD because California Government Code Section 815 abolishes common law liability for public entities absent a statutory basis.  However, a statutory claim for wrongful discharge exists under Labor Code § 230 exists, where the Plaintiff can prove: (1) discharge of, or discrimination in the terms and conditions of employment against, an employee; and (2) the employer's conduct was motivated by the employee's taking or having taken time off to appear in court as a witness. *See Deschene v. Pinole Point Steel Co.*, 76 Cal.App.4th 33, 42 (1999).  Here, Plaintiff alleges sufficient facts to support his claim that retaliation for his appearance in court as a witness during his January 9, 2004 restraining order hearing played a role in his subsequent termination.  (TAC ¶ 186).

However, the Court agrees with Defendants that Count VI should be dismissed to the Principal Defendant (Halpern) as there are no allegations in the claim that Halpern was a part of the alleged termination.

Accordingly, the Court **DISMISSES** Count VI as to the Principal Defendant, and **DENIES** the Motion with respect to Count VI in all other respects.[7]

### 3.    California Unfair Labor Practices

In Count XII, Plaintiff alleges various violations of the California Labor Code.[8]   The Court agrees with Moving Defendants that none of the Labor Code provisions cited by Plaintiff create a private cause of action against the individual defendants.  Accordingly, the Court **DISMISSES** Count XII as to the Board, Superintendent, and Principal Defendants.

---

[6] Claim asserted against the District, Board, Superintendent, and Principal Defendants.

[7] Count VI is not barred by the worker's compensation exclusivity provision. *See City of Moorpark v. The Superior Court of Ventura County*, 18 Cal.4th 1143, 1153 (Cal. 1998).

[8] Claim asserted against all Defendants except Students.

United States District Court

For the Northern District of California

1    However, the Court will not dismiss Count XII as to OUSD at this time.  Plaintiff's

2    allegations in the TAC relating to Count XII have significantly changed from the allegations in his

3    Second Amended Complaint (to which Moving Defendants' analysis, incorporated by reference with

4    permission of this Court into the instant motion, was directed).   Moving Defendants have not

5    presented arguments directed at these additional allegations, and have not adequately established

6    that Plaintiff has failed to state a claim.  The Court therefore **DENIES** the motion to dismiss with

7    respect to the viability of Count XII against the District Defendant, **without prejudice** to OUSD's

8    ability to challenge Count XII by further Rule 12 motion, if appropriate.

9        **4.        Violation of California Civil Code § 51.5**

10    In Count XIII, Plaintiff alleges that he was denied the right to contract on the basis of

11    disability in violation of California Civil Code § 51.5 by the Board, the District, and Superintendent

12    Defendants.  However, Plaintiff does not allege any facts indicating that he was refused the ability to

13    contract after his termination.  Accordingly, the Court **DISMISSES** Count XIII aso the Moving

14    Defendants.

15        **5.        Violation of California Civil Code § 52.1 (Bane Act)**

16    In Count XV, Plaintiff alleges violation of the Bane Act.  The Bane Act authorizes private

17    civil actions against defendants that "by threats, intimidation, or coercion, or attempts to interfere by

18    threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of

19    rights secured by the Constitution or laws of the United States."  Cal. Civ. Code § 52.1.  Here,

20    Plaintiff has not alleged plead any specific occurrences of threats, intimidation or coercion against

21    him by Moving Defendants that would be actionable under the Bane Act.  Because Plaintiff has not

22    alleged facts sufficient state a claim, the Court **DISMISSES** Count  XV as to the Moving

23    Defendants.

24        **6.        Violation of California Civil Code § 51, the Unruh Act**

25    In Count XVI, Plaintiff alleges a violation of the Unruh Act.  Specifically, Plaintiff alleges

26    that the conduct of Defendants[9] in terminating Plaintiff and denying him his benefits constitutes

27    interference on the basis of disability with Plaintiff's right to the full and equal accommodations,

28

[9] Claim asserted against Board, the District, and Superintendent Defendants.

14

United States District Court

For the Northern District of California

advantages, facilities, privileges, or services in a business establishment.

Plaintiff's Unruh Act claim fails as a matter of law.  The Unruh Act is not applicable to employee/employer relationships.  *See Alcorn v. Anbro Engineering, Inc.*, 2 Cal.3d 493, 500 (1970); *Rojo v. Kliger*, 52 Cal.3d 65, 77 (1990).  Accordingly, the Court **DISMISSES** Count XVI as to the Moving Defendants.

### 7.    Injunctive Relief under California Civil Code § 52

In Count XVII, Plaintiff seeks injunctive relief pursuant to California Civil Code § 52, which permits injunctive relief, in relevant part, for violations of California Civil Code §§ 51.5 and 51.7. However, as discussed above, Plaintiff has failed to state a cause of action for California Civil Code § 51.5.  Moreover, Plaintiff's cause of action for violation of California Civil Code § 51.7 is asserted solely against the Student Defendants.   Accordingly, the Court **DISMISSES** Count XVII as to the Moving Defendants.

### 8.    Contract-Related Claims.

In Count XVIII, Count XIX, Count XX, Count XXI, and Count XXII, Plaintiff alleges breach of contract, breach of implied in fact contract, breach of implied covenant of good faith and fair dealing, intentional interference with contractual relations and inducing breach of contract claims against the Defendants.[10]  Moving Defendants seek to dismiss all these contract-related claims on the ground that Plaintiff's employment with OUSD, as a public employee, was governed by statute, not by contract.

Plaintiff has not sufficiently pled facts that establish that a contract existed between the parties, nor what conduct constituted the breach.  Plaintiff has also failed to sufficiently plead allegations of a breach of implied in fact contract.  He has not alleged the existence of any relationship or duties that were assumed by any of the parties that resulted in an implied contract. Further, as to the allegation of the breach of the implied covenant of good faith and fair dealing, it is well settled in California that breach of implied covenant of good faith and fair dealing is a claim

---

[10] The Breach of Contract, Breach of Implied in Fact Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing claims are brought against the Board, the District, and the Superintendent Defendants.  The Intentional Interference with Contractual Relations claim is brought against all Defendants except the District.  The Inducing Breach of Contract claim is brought against all Defendants except the District and Students.

arising from the existence of a contract.  *See Foley v. Ineractive Data Corp.*, 47 Cal.3d 654, 683-84 (1988).

Accordingly, the Court **DISMISSES** Count XVIII, Count XIX, Count XX, Count XXI, and Count XXII as to the Moving Defendants.

### 9. Educational Equity: Freedom from Discrimination, Cal Ed. Code § 262.4

In Count XXVII, Plaintiff alleges that the Board and Superintendent Defendants discriminated and retaliated against him on the basis of disability, in violation California Education Code § 220 as well as several other provisions of the California Educational Code.  Moving Defendants contend that this claim should be dismissed because there is no private right of action created under these statutes.  The Court disagrees.  California Education Code § 262.4 explicitly states that § 220 "may be enforced through a civil action."  *Accord C.N. v. Wolf*, 410 F.Supp.2d 894, 903 (C.D.Cal. 2005).

Moving Defendants also seek to dismiss this claim arguing that Plaintiff has not pled facts establishing that either that the Board or Supervisors were aware of his disability prior to Plaintiff's termination.  However, Plaintiff in his TAC asserts that OUSD was aware of his disability on December 5, 2003, months before his termination.  (TAC ¶ 53.)   The Court cannot resolve a factual dispute regarding Defendants' awareness of the disability at the pleading stage.

The Court therefore **DENIES** the motion to dismiss as to Count XXVII.

### 10. Reporting by School Employees of Improper Governmental Activities, Cal. Ed. Code § 44113

In Count XXVIII, Plaintiff alleges that all Defendants actions violated Plaintiff's rights, under California Education Code § 44113, by use of official authority or influence to deny benefits and retaliated against him for his disability claims, workplace safety whistle blowing, seeking redress, and appearing before OUSD and California Courts.

Moving Defendants seek to dismiss this claim arguing that Plaintiff has failed to comply with Education Code Section 44114(c) complaint exhaustion requirements.  Pursuant to California Education Code Section 44114(c) "an action for damages shall not be available to the injured party unless the injured party has first filed a complaint with the local law enforcement agency."  Cal. Ed. Code § 44114(c).  However, Plaintiff has adequately alleged that he filed a complaint on December

United States District Court

For the Northern District of California

12, 2005 with the Oakland Police Department regarding this violation.  Defendants have failed to establish that Education Code Section 44114(c) bars relief under such circumstances.  The Court, therefore, **DENIES** the motion to dismiss with respect to Count XXVIII.

**C.      Discretionary Immunity Under Government Code § 820.2**

Moving Defendants contend that Plaintiff's allegations make clear that the Superintendent and Board Defendants participated in no wrongs prior to August 6, 2005, that their only alleged misconduct was a failure to investigate, and that they therefore can claim immunity under Government Code § 820.2 because investigation is a discretionary act.

The Court cannot find that immunity under Government Code § 820.2 protects the Superintendent and Board Defendants on the facts alleged by Plaintiff.  Contrary to Moving Defendant's characterization, neither the Second nor Third Amended Complaint clearly concede that the Superintendent and Board Defendants were not involved in the alleged misconduct until August 6, 2005.  Moreover, the Third Amended Complaint alleges that the Superintendent and Board Defendants participated in misconduct as early as December 2003 that is not limited to a failure to investigate, (TAC ¶¶ 99, 100.)

Accordingly, the court **DENIES** the motion to dismiss with respect to discretionary immunity.

**D.      Leave To Amend**

The Court has previously given Plaintiff leave to amend to attempt to address the deficiencies  identified in this Order.  Because Plaintiff has not identified any additional facts that he could plead in support of the dismissed claims, and because further leave to amend would be futile, the Court will not grant further leave to amend at this time.

**CONCLUSION**

For the foregoing reasons, the motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**, as follows:

•       The Court **DISMISSES** Count I (assault and battery), Count II (intentional infliction of emotional distress); Count III (negligent infliction of emotional distress), Count IV (negligence), Count V (failure to discharge mandatory duty), Count VII (premises

United States District Court

For the Northern District of California

liability), Count XIII (Cal. Civ. Code § 51.5); Count XV (Cal. Civ. Code § 52.1); Count XVI (Cal. Civ. Code § 51); Count XVII (Cal. Civ. Code § 52); XVIII (breach of contract), Count XIX (breach of implied in fact contract), Count XX (breach of implied covenant of good faith and fair dealing), Count XXI (intentional interference with contractual relations), Count XXII (inducing breach of contract);Count XXIII (right to be free from harm, Cal Civ. Code § 43), Count XXIV (intentional fraud), Count XXV (negligent misrepresentation), Count XXVI (concealment), Count XXIX (42 U.S.C. § 1985), Count XXX (42 U.S.C. § 1986), and Count XXXIII (ADA) as to the Moving Defendants.

- The Court **DISMISSES** Count VI (wrongful discharge in violation of public policy) as to the Principal Defendant only.  The Court **DENIES** the motion to dismiss Count VI as to any other defendants.

- The Court **DISMISSES** Count XII (unfair labor practices) as to the Board, Superintendent, and Principal Defendants only.  The Court **DENIES** the motion to dismiss Count XII as to any other defendants.

- The Court **DENIES** the motion to dismiss as to Count XXVII (educational equity), Count XXVIII (reporting by school employees), Count XXXI (42 U.S.C. § 1983, first amendment) and Count XXXII (42 U.S.C. § 1983, fourteenth amendment).

- The court **DENIES** the motion to dismiss with respect to discretionary immunity.

**IT IS SO ORDERED.**

Dated: September 24, 2007

_____
MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE