UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DUARTE,<br><br>    Plaintiff,<br><br>    v.<br><br>DIMARIO FREELAND, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-05-2780 EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON PLEADINGS, OR IN THE ALTERNATIVE TO STRIKE**<br><br>**(Docket No. 66)** |

Plaintiff Jose Duarte has sued various defendants for violations of federal and state law. The only defendants who have made appearances in this case (at least as of this date) are the Oakland Unified School District ("OUSD"), Linda Halpern (the "Principal Defendant"); Randolph Ward (the "Superintendent Defendant"); and David Kakishiba, Gregory Hodge, Gary Yee, Noel Gallo, Alice Spearman, and Kerry Hammill (the "Board Defendants"). Collectively, these defendants shall be referred to as the "School Defendants." Mr. Duarte has filed a motion, asking for judgment on the pleadings against the School Defendants. In the alternative, Mr. Duarte asks that the Court strike certain affirmative defenses asserted by the School Defendants in their answer to the third amended complaint. Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, the Court hereby **DENIES** both the motion for judgment on the pleadings and the motion to strike.

///

///

///

# I. DISCUSSION

A. Motion for Judgment on the Pleadings

> A motion for judgment on the pleadings is proper "when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." In reviewing a motion under Rule 12(c), the court must assume that the facts alleged *by the nonmoving party* are true and must construe all inferences drawn from those facts in favor of *the nonmoving party*. The court need not assume the truth of legal conclusions in the complaint merely because they take the form of factual allegations.

*Jackson v. East Bay Hosp.*, 980 F. Supp. 1341, 1345 (N.D. Cal. 1997) (emphasis added); *see also Waldron v. Boeing Co.*, 388 F.3d 591, 593 (8th Cir. 2004) ("In our evaluation of the motion [for judgment on the pleadings), we accept all facts pled by *the nonmoving party* as true and draw all reasonable inferences from the facts in favor of *the nonmovant*.") (emphasis added).

In the instant case, Mr. Duarte is the party moving for judgment on the pleadings. Therefore, any facts alleged by the School Defendants must be taken as true and all inferences must be drawn in their favor. In light of the School Defendants' answer, which denies the material allegations of the third amended complaint, judgment on the pleadings in favor of Mr. Duarte is not appropriate. The Court therefore denies Mr. Duarte's motion.

B. Motion to Strike

1. Legal Standard

As alternative relief, Mr. Duarte seeks to strike the first, second, ninth, and tenth affirmative defenses asserted by the School Defendants in their answer. Under Federal Rule of Civil Procedure 8(b)(1), a party is required to "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1). Under Rule 12(f), "[a] court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "If sufficiency of the defense depends on disputed issues of fact or questions of law, a motion to strike should not be granted." 2-12 Moore's Federal Practice - Civil § 12.37[4]. "If a motion to strike is granted, the court should ordinarily grant the defendant leave to amend so long as there is no prejudice to the opposing party." *Id.*

2

### 2. New Arguments in Reply Brief

As a preliminary matter, the Court notes that, in his reply (which exceeds the page limits by ten pages), Mr. Duarte raises new arguments as to why the above affirmative defenses should be stricken. In particular, Mr. Duarte argues that the School Defendants fail to give fair notice of the basis of each affirmative defense and that the School Defendants have failed to plead with particularity the first and ninth affirmative defenses as required under Rule 9(c). *See* Fed. R. Civ. P. 9(c) ("In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity."). The Court shall not consider these arguments as they were not raised until the reply brief.

### 3. First Affirmative Defense

"As a FIRST AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff failed to invoke or exhaust his administrative remedies under state and federal law, under district policies rules and regulations, and under his collective bargaining agreement in effect at the time." Ans. at 15.

In his motion, Mr. Duarte argues that the Court should strike this defense because, "[w]ith the exception of the ADA claim, this Court denied defendants' failure to exhaust contention as to the other causes of action in the September 24, 2007 Order." Mot. at 20. Mr. Duarte is incorrect. For example, in his order, Judge Jenkins did reject the School Defendants' contention that the claim for violation of California Education Code § 44113 should be dismissed for failure to exhaust. *See* Docket No. 62, at 16 (order, dated September 24, 2007). However, this was only because Mr. Duarte had "adequately *alleged* that he filed a complaint on December 12, 2005 with the Oakland Police Department regarding this violation." Docket No. 62, at 16-17 (emphasis added). Judge Jenkins did not make any conclusive ruling on the exhaustion issue. In addition, there are exhaustion requirements for other claims, *e.g.*, claims for unfair labor practices pursuant to California Labor Code §§ 2669 *et seq. See* Cal. Lab. Code § 2669.3(a)(1) (providing that an aggrieved employee may commence a civil action after "giv[ing] written notice by certified mail to the Labor and Workforce Development Agency and the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged

3

violation"). Finally, depending on how the Court rules on the breach-of-contract claim, there may be exhaustion requirements with respect to the collective bargaining agreement.

Although the Court therefore denies the motion to strike the first affirmative defense, the Court does agree with Mr. Duarte that the defense is not the model of clarity. In particular, it is not clear from the defense to which causes of action the School Defendants are claiming a failure to exhaust. Nor are any basic factual allegations made to support this defense. The Court therefore orders the School Defendants to amend the first affirmative defense to clarify to which causes of action the defense is applicable and allege basic facts in support thereof. The amendment shall be filed and served by February 6, 2008.

### 4. Second and Tenth Affirmative Defenses

"As a SECOND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff was contributorily negligent in contributing to any damages he suffered as a result of the allegations in his Complaint." Ans. at 15.

"As a TENTH AFFIRMATIVE DEFENSE Defendants allege that any injury, damage, or loss sustained by Plaintiff was either fully, or in part, the proximate cause of negligence or other type of fault caused by Plaintiff and known and unknown persons, firms, or entities other than . . . these Defendants. Any damages for injury or loss caused by reason of any act, error, or omission of Defendants must be reduced on the basis of comparative fault or responsibility of said Plaintiff and other known and unknown persons, firms, or entities." Ans. at 16.

In his motion, Mr. Duarte argues that these two defenses should be stricken because (1) a permanent restraining order was issued by a state court against the Student Defendants, (2) an employer has a nondelegable duty to ensure workplace safety, and (3) California Labor Code § 2801 bars an employer from asserting defenses such as assumption of the risk and fellow servant negligence.[1] None of these arguments is compelling.

---

[1] Section 2801 provides in relevant part as follows:

> In any action to recover damages for a personal injury sustained within this State by an employee while engaged in the line of his duty or the course of his employment as such, or for death resulting from personal injury so sustained, in which recovery is sought upon the ground of want

4

First, Mr. Duarte seeks to give collateral estoppel effect to the state court order, but he has failed to show that the elements of issue preclusion have been met. Under California law, collateral estoppel applies if (1) the issue sought to be precluded from relitigation is identical to that decided in a former proceeding; (2) this issue was actually litigated in the former proceeding; (3) this issue was necessarily decided in the former proceeding; (4) the decision in the former proceeding was final and on the merits; and (5) the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding." *Sasson v. Sokoloff (In re Sasson)*, 424 F.3d 864, 872 n.4 (9th Cir. 2005). In the instant case, Mr. Duarte has failed to establish, *e.g.*, that the School Defendants against whom preclusion is sought were in privity with the Student Defendants. Simply because Ms. Halpern and another OUSD employee appeared at the hearing and spoke in support of Mr. Freeland does not demonstrate such a close relationship or identity of interest that privity should obtain. *See* 7 Witkin Cal. Proc. Judgm § 392 ("The loose term 'privy' refers to some relationship or connection with the party that makes it proper to hold 'privies' bound with the actual parties."); 7 Witkin Cal. Proc. Judgm § 393 ("Traditional limitations on the concept of privity are being disregarded; modern courts are concerned with the practical question of 'whether the non-party is sufficiently close to the original case to afford application of the principle of preclusion.'"). In addition, even if there were privity, Mr. Duarte has not shown, *e.g.*, that the issue of whether he was or was not contributorily negligent was actually litigated and necessarily decided. It is conceivable that the state court believed restraining orders were still necessary in spite of contributory

---

> of ordinary or reasonable care of the employer, or of any officer, agent or servant of the employer, . . .
>
> . . . .
>
> [i]t shall not be a defense that:
>
> (a) The employee either expressly or impliedly assumed the risk of the hazard complained of.
>
> (b) The injury or death was caused in whole or in part by the want of ordinary or reasonable care of a fellow servant.

Cal. Lab. Code § 2801.

negligence. Moreover, to the extent the state court found that the Student Defendants caused Mr. Duarte injury, that could actually support the tenth affirmative defense.

Second, although Mr. Duarte points to some authority which discusses employer responsibility for safety, that does not automatically negate the possibility of fault by the employee or a third party if the employee is injured.

Finally, that California Labor Code § 2801 bars the defenses of assumption of the risk or negligence of a fellow servant is, for purposes of this case, essentially irrelevant. Assumption of the risk and contributory negligence are not the same concepts, and the Student Defendants are not fellow servants.

### 5. Ninth Affirmative Defense

"As a NINTH AFFIRMATIVE DEFENSE Defendants allege that any and all conduct of Defendants, [about] which Plaintiff complains, was a just, reasonable and proper exercise of management discretion undertaken for a fair and honest reason and regulated by good faith under the conditions then existing and known to them and is subject to the complete and partial immunities granted to state entities and officials under the Constitutions, federal laws and decisions, and state laws and decisions." Ans. at 16.

In his motion, Mr. Duarte contends that this defense should be stricken "because this Court has Ordered that immunity under California law does not apply and because state law has expressly abrogated immunities for governments and employers." Mot. at 23. However, in his order, Judge Jenkins simply found that immunity under California Government Code § 820.2 did not apply "on the facts alleged by Plaintiff." Docket No. 62, at 17. He did not make any conclusive determination. Moreover, there are immunities that might apply with respect to the § 1983 claim asserted by Mr. Duarte, such that it would be improper for the Court to strike the defense.

///
///
///
///
///

## II. CONCLUSION

For the foregoing reasons, the Court denies both the motion for judgment on the pleadings and the alternative motion to strike. As noted above, the School Defendants shall file and serve an amended answer to address the deficiencies in the first affirmative defense.

This order disposes of Docket No. 66.

IT IS SO ORDERED.

Dated: January 28, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DUARTE, | No. C-05-2780 EMC |
|     Plaintiff, | |
|     v. | **CERTIFICATE OF SERVICE** |
| DIMARIO FREELAND, *et al.*, | |
|     Defendants. | |
| _____/ | |

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

Jose Duarte
5319 Broadway Terrace #103
Oakland, CA 94618

*ALL OTHER COUNSEL SERVED VIA
ELECTRONIC FILING ("E-FILING")*

Dated: January 28, 2008               RICHARD W. WIEKING, CLERK

By: _____/s/_____
     Leni Doyle
     Deputy Clerk