United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DUARTE,<br><br>    Plaintiff,<br><br>    v.<br><br>DEMARIO L. FREELAND, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-05-2780 EMC<br><br>**ORDER DENYING PLAINTIFF'S *EX PARTE* APPLICATION FOR ORDER TO PUBLISH SUMMONS**<br><br>**(Docket Nos. 11, 80)** |

On January 13, 2006, Plaintiff Jose Duarte filed an *ex parte* application, asking the Court for leave to serve the summons and complaint on Defendants Demario Freeland and Vuyo Mbuli (collectively "Student Defendants") by publication. On December 21, 2007, Mr. Duarte filed another motion, asking that the Court render a decision on his pending request to serve by publication. Subsequently, the case was reassigned all purposes to the undersigned and Mr. Duarte's motions were thereby given to the undersigned for resolution.

None of the Defendants who have appeared in the case has opposed Mr. Duarte's request for service by publication. However, after reviewing Mr. Duarte's motions, the Court had concerns that service by publication may not be appropriate, at least at this juncture, and therefore asked that Defendant the Oakland Unified School District provide information within its possession, custody, and control to both Mr. Duarte and the Court in order for the Court to better evaluate Mr. Duarte's motions. Having considered Mr. Duarte's motions and their accompanying submissions, the information provided by the District, and all other evidence of record, the Court hereby **GRANTS**

Mr. Duarte's request for a decision to be made on his motion for service by publication but **DENIES** the motion for service by publication. The denial shall be without prejudice.

## I. DISCUSSION

A. Legal Standard

Mr. Duarte seeks permission of the Court to serve the Student Defendants by publication rather than by other means such as personal service. Under Federal Rule of Civil Procedure 4(e), service upon an individual defendant may be effected in any judicial district of the United States pursuant to the law of the state in which the district court is located or in which service is effected. *See* Fed. R. Civ. P. 4(e)(1). Service by publication is permissible under California law in certain circumstances:

> (a) A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that . . .
>
> (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action.

Cal. Code Civ. Proc. § 415.50(a). In his third amended complaint, Mr. Duarte has stated at the very least a cause of action against the Student Defendants for assault and battery. The main question for the Court, therefore, is whether the Student Defendants "cannot with reasonable diligence be served in another manner" pursuant to California law. *Id.*

In determining whether a plaintiff has exercised "reasonable diligence" for purposes of § 415.50(a), a court must examine the affidavit required by the statute to see whether the plaintiff "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978); *see also Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995) ("The term 'reasonable diligence' . . . denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney."). Because of due process concerns, service by publication must be allowed "only as a last resort." *Id.*; *see also Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (discussing due process and notice to a party). "'Before allowing a plaintiff to resort to service by publication, the

courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice.'" *Watts*, 10 Cal. 4th at 749. The fact that a plaintiff has taken one or a few reasonable steps does not necessarily mean that "all myriad . . . avenues" have been properly exhausted to warrant service by publication. *Donel*, 87 Cal. App. 3d at 333.

In the instant case, Mr. Duarte has submitted an affidavit explaining his efforts to serve the summons on the Student Defendants. *See* Pl.s' App. Mr. Duarte has also provided declarations from the process servers that he hired which describe their attempts to personally serve the summons on each Student Defendant. *Id.*, Exs. 1-2. Although these documents demonstrates that several reasonable steps were taken to effect service on the Student Defendants, the Court concludes that Mr. Duarte has not made the reasonably diligent search required by § 415.50(a) to warrant the last-resort measure of summons by publication. *See Watts*, 10 Cal. 4th at 749.

B.  Mr. Freeland

With respect to Mr. Freeland, Mr. Duarte's affidavit states that he hired the professional process server Western Messenger to serve summons. *See* Pl.'s App. ¶¶ 4-5. According to the Western Messenger server's declaration of due diligence, the server attempted personal service on Demario Freeland at 690 15th Street, Apartment 303, Oakland, California, 94612,[1] three times but was unable to effect personal service. *See id.*, Ex. 1. On the first two occasions, the server reported that "there was no answer at the door, could not verify address." *Id.* On the third and final attempt, the server was able to get into the building but there was no answer at Apartment 303. The server spoke to a neighbor who could not verify the residents of Apartment 303. *Id.* After Western Messenger was unable to serve Mr. Freeland, Mr. Duarte conducted a search on accurint.com, a Lexis-Nexis-run web service providing searches for records on individuals, for Mr. Freeland's whereabouts. *See id.* ¶ 10. Mr. Duarte's accurint.com search for "Demario Freeland" -- which he made on January 6, 2006 -- resulted in no records. *See id.* ¶ 10, Ex. 2.

---

[1] The District has confirmed that this was the last known address on file with the District for Mr. Freeland and his parents or guardians.

3

Although Mr. Duarte has demonstrated that he has taken several reasonable steps to effect service on Mr. Freeland, Mr. Duarte has failed to show that he "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances."[2] *Donel*, 87 Cal. App. 3d at 333. Although Mr. Duarte attempted personal service more than once through a process server and also conducted an Internet search, Mr. Duarte did not, *e.g.*, search any Bay Area city or telephone directories for Mr. Freeland's name. *See Watts*, 10 Cal. 4th at 749 n.5 (noting that "likely sources of information" that "must be searched before resorting to service by publication" include relatives, city and telephone directories, voter registries, and so forth); Rutter Group, Civ. Proc. Before Trial § 4:255 (describing efforts that could be made to locate a defendant -- *e.g.*, that appropriate directories were checked with negative results (telephone books, etc.), that defendant's family and neighbors state they do not know his or her address, that defendant's last known employer and co-workers state they do not know defendant's whereabouts, etc.). Moreover, Mr. Duarte has not demonstrated that Mr. Freeland "cannot with reasonable diligence be served in another manner specified in [Chapter 4, Article 3 of the California Code of Civil Procedure]," Cal. Code Civ. Proc. § 415.50(a) -- for example, substitute service, *see id.* § 415.20, or service by mail. *See id.* § 415.30. Service by mail, in particular, should have been attempted since there was never any confirmation that Mr. Freeland did not in fact live at the address where service was attempted. And if Mr. Freeland no longer lived at that address, then potentially a forwarding address could have been obtained.

Finally, since time has passed -- although the Court acknowledges that this is through no fault of Mr. Duarte -- the Court believes that a further and more current search for Mr. Freeland is appropriate before resorting to the last resort of service by publication.

C.     Mr. Mbuli

Mr. Duarte's affidavit also states that he hired the professional process server Western Messenger to serve summons on Mr. Mbuli. *See* Pl.'s App. ¶¶ 4-5. According to the Western

---

[2] The District has provided information to both the Court and Mr. Duarte showing that Mr. Freeland was not a minor as of the dates Mr. Duarte attempted service, and therefore service attempts on his parents or guardians were not required. *See* Cal. Code Civ. Proc. § 416.60.

Messenger server's declaration of due diligence, the agency's server made three attempts at personal service on Mr. Mbuli in December,2005. *See id.*, Ex. 1. The first two attempts were made at 9229 Olive Street in Oakland, California.[3] *See id.* On the second attempt, the server learned that the Alvarez family had been living at the address for six months, and did not know Vuyo Mbuli. *Id.* The third attempt at service was made at 9729 Olive Street in Oakland, California. It is unclear from Mr. Duarte's application how he or the process server obtained this address. The process server discovered the resident of that home had lived there for 20 years, and did not know Mr. Mbuli. *See id.*

Mr. Duarte then conducted a search for "Vuyo Mbuli." on accurint.com on January 6, 2006. *See* Pl.'s App. ¶ 10. The search produced two records: 9729 Olive Street in Oakland, and 608 O Street, Apartment 16, Antioch, California, 94509. *See id.,* Ex. 2. Mr. Duarte's affidavit states that the process server attempted personal service at the 608 O Street address on January 10, 2006, and found that Mbuli did not live at that address.[4] *See id.* ¶ 8.

As above, although Mr. Duarte has demonstrated that he has taken several reasonable steps to effect service on Mr. Mbuli, Mr. Duarte has failed to show that he "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances."[5] *Donel*, 87 Cal. App. 3d at 333. While he hired process servers and performed an Internet search, he did not, *e.g.*, attempt to locate Mr. Mubli through inquiry of city or telephone directories or through other means of service specified by the California Code of Civil Procedure, in particular, service by mail. Even though Mr. Duarte seems to have learned through the process servers that Mr. Mbuli did not live at any of the three addresses Mr. Duarte learned about, an attempt at service by mail may have been

---

[3] The District has confirmed that this was the last known address on file with the District for Mr. Mbuli and his parents or guardians.

[4] Although Mr. Duarte discusses the January 10, 2006, attempt at service in his application, he did not include as part of his motion any declaration from the process server who tried to effect service on that day. Should Mr. Duarte decide to petition the Court a second time for service by publication with respect to Mr. Mbuli, a declaration from the process server should be submitted or, if one cannot be submitted, Mr. Duarte should explain why.

[5] The District has provided information to both the Court and Mr. Duarte showing that Mr. Mbuli was not a minor as of the dates Mr. Duarte attempted service, and therefore service attempts on his parents or guardians were not required. *See* Cal. Code Civ. Proc. § 416.60.

fruitful as it may have resulted in obtaining a forwarding address, especially since the Alvarez family reported that they had only lived at 9229 Olive Street for six months.

Finally, the same concern for the passage of time leads the Court to believe that a further and more current search for Mr. Freeland is appropriate before resorting to the last resort of service by publication. The Court therefore denies Mr. Duarte's request for service by publication with respect to Mr. Mbuli.

## II. CONCLUSION

For the foregoing reasons, the Court denies Mr. Duarte's application for an order for publication of summons. The denial is without prejudice.

If Mr. Duarte decides to ask the Court a second time for service by publication, then he must demonstrate that he has performed additional searches for the Student Defendants to demonstrate reasonable diligence. Such a search might include, *e.g.*, a search of city or telephone directories for the Bay Area, attempting to contact the parents of the Student Defendants (presumably, the District could supply the parents' names and a search for the parents could be done), calling the telephone numbers supplied by the District, and attempting service by mail. A new search through accurint.com or another search engine may also be appropriate in light of the passage of time.

This order disposes of Docket Nos. 11 and 80.

IT IS SO ORDERED.

Dated: March 7, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DUARTE, | No. C-05-2780 EMC |
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| DEMARIO L. FREELAND, *et al.*, | |
| Defendants. | |

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

Jose Duarte
5319 Broadway Terrace #103
Oakland, CA 94618

*ALL OTHER COUNSEL SERVED VIA ELECTRONIC FILING ("E-FILING")*

Dated: March 7, 2008

RICHARD W. WIEKING, CLERK

By: _____/s/_____
Leni Doyle
Deputy Clerk