United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE DUARTE,

        Plaintiff,

    v.

DEMARIO L. FREELAND, *et al*.,

        Defendants.
_____/

No. C-05-2780 EMC

**ORDER DISMISSING CASE**

Previously, the Court issued an order instructing Mr. Duarte to show cause why the case should not be remanded pursuant to 28 U.S.C. § 1367(c)(3). *See* Docket No. 141. In response, Mr. Duarte filed a paper stating that he "accedes to remand." Docket No. 142.

The Court's prior order incorrectly referenced a remand[1] but properly referred Mr. Duarte to § 1367(c)(3), which provides that a court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because of the reference to § 1367(c) and because Mr. Duarte is represented by counsel, the Court shall interpret Mr. Duarte's accession to remand as agreement to a declination of supplemental jurisdiction under § 1367(c)(3). Taking into account all of the circumstances -- including the breadth of the state law claims asserted against the Student Defendants, the fact that the case is in its infancy with respect to the Student Defendants, and Mr. Duarte's lack of opposition -- the Court shall in the exercise of its discretion decline supplemental

---

[1] Mr. Duarte initiated the lawsuit in federal court, not state court.

jurisdiction and therefore shall dismiss the remaining state law claims against the Student Defendants.

To the extent Mr. Duarte suggests that the Court should require the U.S. Marshall's office to serve the summons and complaint on the Student Defendants prior to dismissal (because of his in forma pauperis status), the Court denies the request. The request is moot since the Court is dismissing the claims. If Mr. Duarte should decide to pursue a state lawsuit against the Student Defendants, *see id.* § 1367(d) ("The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."), then he may raise the service-of-process issue to the state court. Moreover, it makes no sense for the U.S. Marshall's office to attempt service of process given Mr. Duarte's previous efforts to serve the Student Defendants, which were unsuccessful.[2] *See* Docket No. 102.

The Clerk of the Court is directed to enter judgment and close the file in the case.

IT IS SO ORDERED.

Dated: September 26, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge

---

[2] Only after his efforts to serve were unsuccessful and the Court denied his request for service by publication did Mr. Duarte seek leave to proceed in forma pauperis to obtain the benefit of service by the U.S. Marshall Service.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DUARTE, | No. C-05-2780 EMC |
|        Plaintiff, | |
|     v. | **CERTIFICATE OF SERVICE** |
| DEMARIO L. FREELAND, *et al.*, | |
|        Defendants. _____/ | |

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

Jose Duarte  
5319 Broadway Terrace #103  
Oakland, CA 94618

*ALL OTHER COUNSEL SERVED VIA ELECTRONIC FILING ("E-FILING")*

Dated: September 26, 2008      RICHARD W. WIEKING, CLERK

By: _____/s/_____  
     Leni Doyle  
     Deputy Clerk

3